UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUNIOR SHAW,<br><br>            Defendant. | Criminal No. 06-306 (EGS-AK) |

**DETENTION MEMORANDUM**

      The Defendant, Junior Shaw, has been charged by indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii) and 846. Defendant has also been charged with unlawful maintenance of a premises to manufacture, distribute, store and use a controlled substance and aiding and abetting in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. The government requested a detention hearing, which was held on August 14, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

      At the detention hearing, the government proceeded by proffer, explaining Defendant's role in a drug conspiracy which existed from January 2000 through September 2006. According

to the government, the co-conspirators used various buildings in the northeast quadrant of the District of Columbia for the purpose of selling cocaine and crack cocaine, as well as possessing weapons. The Defendant was allegedly a regular distributor for Michael Richards, the lead conspirator in this case. The government proffered that Defendant committed the following overt acts in furtherance of the conspiracy: (1) possessing and distributing more than 40 grams of crack cocaine in October 2001, and again in November 2001; and (2) committing certain other narcotics and weapons violations, for which he was convicted by the State of Maryland in 2003.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with conspiracy to possess and distribute over 50 grams of crack cocaine and over 5 kilograms of cocaine — serious drug-related charges carrying a prison sentence of ten years or more.

The second factor, the weight of the evidence, favors detention only slightly. The government proffered only three acts linking Defendant to the conspiracy. Based on this proffer, Defendant does not seem to have been deeply involved in the conspiracy.

The third factor, the history and characteristics of the Defendant, favors detention.

Defendant is apparently a Jamaican citizen and an illegal alien in the United States.  According to the government, U.S. Immigration and Customs Enforcement ("ICE") has lodged a detainer for Defendant in the jail where he is being held.  Also, Plaintiff is wanted for an alleged parole violation in the State of Maryland.  Therefore, the Court is in doubt that any conditions of release imposed will reasonably assure his future appearance.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Although the instant charges did not involve violent activity, cocaine is a dangerous and illegal substance that causes violence in and around the District of Columbia.

## Conclusion

Based upon consideration of the facts proffered, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act.  The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The Court also finds by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure Defendant's appearance at future court proceedings.   The government's motion for pretrial detention is therefore granted.


Dated: August  14th , 2007                              /s/
                                                        ALAN KAY
                                                        UNITED STATES MAGISTRATE JUDGE