UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 06-306 (7) (EGS) |
| JUNIOR SHAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**

Junior Shaw, defendant, through counsel, moves to dismiss the indictment in the above captioned case pursuant to The Speedy Trial Act of 1974. *See* 18 U.S.C. §3161 *et seq*. In support of this motion, counsel states:

1.  The government filed an indictment in this case on June 5, 2007[1], charging Mr. Shaw with two separate counts: 1) Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 kilograms or More of Cocaine; and 2) Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting. *See* 21 U.S.C. § 846; 21 U.S.C. § 856(a)(2); 18 U.S.C. § 2  (Supp. 2007).

2.  Mr. Shaw was detained at the Maryland Correctional Institution in Jessup, Maryland when the government filed the June 5, 2007 indictment. He had been there since June of 2006.[2]

---

[1] The June 5, 2007 indictment is a superseding indictment. The original indictment charged three co-defendants with various counts. The superseding indictment added four defendants, including Mr. Shaw.

[2] Defense counsel obtained this information by calling the records office in Maryland. According to the "Central Commitment" Office, Mr. Shaw arrived at the Department of Corrections reception center on June 27, 2006. He was held at MCIJ Jessup until he was released pursuant to the writ in this case on July 11, 2007. Counsel is in the process of obtaining written verification of the dates.

3.  On July 3, 2007, the government issued a Writ of Habeas Corpus ad Testificandum to Jessup Correction Institute in Jessup, Maryland.[3]

4.  Mr. Shaw was transported to the D.C. Jail and arrived on July 11, 2007. *See* Pretrial Services Report, printed 8/14/07, at page 1 "Comments".

5.  Mr. Shaw first appeared before this Court on August 8, 2007. He was arraigned before Magistrate Judge Alan Kay and held without bond. On that same date, undersigned counsel was appointed to represent Mr. Shaw. Counsel asked the Court to preserve all of Mr. Shaw's rights, including his right to a speedy trial.

6.  Mr. Shaw appeared for a detention hearing on August 14, 2007 and status hearings on August 16 and September 6, 2007. On the last date, defense counsel made an oral motion to dismiss the case for speedy trial violations. The Court directed counsel to file a written motion by September 14, 2007.

Memorandum of Points and Authorities

The Speedy Trial Act of 1974 (hereafter "the Act") is codified in Title 18 of the United States Code. *See* 18 U.S.C. § 3161 et. *seq.* It lists numerous rules designed to insure a defendant's right to a speedy trial as well as protect the public's interest. *See Zedner v. United States*, ___ U.S. ___, 126 S.Ct. 1976, 1984 (2006). The Act mandates that criminal trials begin within seventy days after a defendant is charged or makes an initial appearance in the case, whichever is later. *See* 18 U.S.C. §3161(c)(1). There are nine enumerated "periods of delay" which may be "excluded" when calculating the Act's deadlines. *See id.* §3161(h)(1-9). Finally, the Act provides sanctions for failure to comply with the time limits. If a defendant is not

---

[3] Docket entries in this case indicate that the Court signed the writ on June 29, 2007 and that Mr. Shaw was to scheduled to appear the week of July 16, 2007.

brought to trial within the proscribed time limits, the Court must dismiss the indictment upon motion of the defendant. 18 U.S.C. § 3162(a)(2). The dismissal may be with or without prejudice. *Id.*

In *Zedner v. United States*, the Supreme Court issued an opinion clarifying various aspects of the Speedy Trial Act. *See Zedner v. United States*, __ U.S.___, 126 S.Ct. 1976 (2006). In particular, the Court noted that any continuance must fit within one of the Act's specific exclusions listed in Section 3161(h) and that the trial judge must make necessary findings to support its exclusion of the period of delay. *Id*. The Court also held that a defendant may not prospectively waive application of the Act because allowing such action would bypass the Act's comprehensive scheme for granting ends-of justice continuances and would eliminate consideration of the public's interest in a speedy trial. 126 S.Ct. at 1985. Since *Zender*, this Circuit has issued several opinions addressing Speedy Trial Act claims. *See e.g. United States v. Sanders*, 485 F.3d 654 (D.C. Cir. 2007); *United States v. Harris*, No. 05-3026 (D.C. Cir. Jun. 22, 2007); *United States v. Bowman,* No. 05-3093 (D.C. Cir. Aug. 7, 2007); *United State v. Taylor* , No. 05-3125 (D.C. Cir. Aug. 14, 2007).

In *United States v. Sanders*, this Circuit addressed a speedy trial violation in a case factually similar to Mr. Shaw's. 485 F.3d 654 (D.C. Cir. 2007). In *Sanders*, two codefendants were indicted on February 5, 2002. *Sanders* at 655. One of the co-defendants, Sanders, was not present for a status hearing on March 22, 2002, because he was in the custody of the state of Maryland. *Id*. at 659. As in Mr. Shaw's case, a writ of habeas corpus ad testificandum was issued to bring the defendant to the District of Columbia. *Id* at 659-660. He was present at the next status hearing on April 18, 2007. *Id.* In responding to the defendants' speedy trial claim, the government argued that the twenty-seven day period from March 22 until April 18 was

excludable under the Act pursuant to section 3161(h)(3). *Id.*. The D.C. Circuit held that the time was <u>not</u> excludable. The Court stated:

> [w]hereas a defendant whose whereabouts are unknown stops the clock for as long as the government exercises due diligence to apprehend him, where a defendant's whereabouts are known only unavailability `for trial' tolls the speedy trial clock. Setting aside whether an exercise of due diligence could justify a twenty-seven-day delay in transferring a prisoner from nearby Charles County, Maryland to the District of Columbia, Sanders' whereabouts were known to the government, but he was not unavailable 'for trial.' The government cites no authority to support its countertextual reading.

Sanders at 660 (citations omitted).

Here, as in *Sanders,* Mr. Shaw's whereabouts were known and he was available for trial. The Speedy Trial Act has two provisions that specifically deal with instances where a defendant is not present in the charging jurisdiction. Subsection (h)(1)(H) specifies that "delay resulting from transportation of any defendant from another district" may be excluded "[e]xcept that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(H). The other subsection is (h)(3), discussed above in *Sander*s, which states that, "[a]ny period of delay resulting from the absence or unavailability of the defendant . . . ." shall be excluded. 18 U.S.C. § 3161(h)(3)(A). As discussed in *Sanders*, however, the section is limited by subparagraph (B), which defines the terms "absent" and "unavailable." The Act states that a defendant is considered "absent" when:

>[h]is whereabouts are unknown, and in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.

18 U.S.C. §3161(h)(3)(B). Further, a defendant is "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." *Id.*

    Mr. Shaw was incarcerated in Jessup, Maryland for more than a year before he was brought to the District. There was no "delay in transportation" because he arrived at the D.C. Jail on July 11th, the same day that he was transported from Jessup. He was then inexplicably held at the D.C. Jail from July 11, 2007, until his first appearance in this case on August 8, 2007. Clearly, his presence was "known" throughout that time and he was not attempting to avoid apprehension or prosecution. Therefore, neither of the exclusions discussed above apply in Mr. Shaw's case.

    Mr. Shaw respectfully requests that the Court dismiss his case in the interests of justice and pursuant to the Speedy Trial Act.

Respectfully Submitted,

_____/s/_____

Andrea Antonelli
806 7th Street, NW, Suite 301
Washington, D.C. 20001
Telephone: (202) 255-3654
Facsimile: (202) 898-1112

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 06-306 (7) (EGS) |
| JUNIOR SHAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss For Speedy Trial Violation. Upon consideration of the defendant's motion, the government's opposition thereto and the entire record, it is hereby:

ORDERED that the Defendant's motion is GRANTED.

FURTHER, after considering the seriousness of the offense; the facts and circumstances that led to the dismissal; and the impact of re-prosecution on the administration of the Speedy Trial Act and on the administration of justice, it is ORDERED that his case is DISMISSED WITH PREJUDICE.

_____                                    _____
 Date                                                              Judge Emmet G. Sullivan