UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No.  06-306-07 (EGS) |
| JUNIOR SHAW, : | |
| Defendant. : | Motions Date:  Sept. 21, 2007 |

GOVERNMENT'S OPPOSITION TO DEFENDANT SHAW'S
MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to oppose Defendant Shaw's motion pursuant to The Speedy Trial Act of 1974.  See 18 U.S.C. sec. 3161 et seq. (hereinafter STA), to dismiss this matter for speedy trial violation.  In support whereof, we submit as follows:

BACKGROUND

Simply put, Defendant Shaw complains that his case should be dismissed on speedy trial grounds because he was indicted on June 5, 2007, was confined in Maryland while serving a sentenced, was sent to the District of Columbia pursuant to a writ on July 11, 2007, and first appeared before this Court on August 8, 2007, at which time he was assigned counsel to represent him in this matter.  Defendant Shaw claims that because he inexplicably sat in the District of Columbia Jail between July 11, 2007 and August 8, 2007, that he was denied his speedy trial rights. The United States Attorney's Office for the District of Columbia relays on the U.S. Marshals Service to assure the presence of defendants from foreign jurisdictions for trial in the District of Columbia. The fact that it only takes one day, albeit, hours, if not minutes to travel from Maryland to the

District is not in and of itself dispositive on the issue a defendants unavailability for trial. The are several factors such as the processing of the writ pleadings themselves between the U.S. Attorney's Office, this Court, the U.S. Marshal's Service, the Maryland confinement facility and the Maryland prosecution authority, which all impact the timing of when a defendant may be transport from the custody of one sovereign to the custody of another. Still, we agree that Defendant Shaw should have been presented to this Court before August 8, 2007, but this fact alone does not rise to the level of a speedy trial violation.

Defendant Shaw's pleading does not examine the substantial litigation that has transpired in this case. During a complex investigation of Defendant Shaw and his coconspirators, the parties have aggressively participated in the filing and litigation of several substantial bond motions, bond review motions, appeals of bond motions, and motions for joinder and severance of indictments, counts and defendants. We ask that this Court take judicial notice of the court docket in this case which discloses that their have been numerous motions filed, several decided and several still pending in this case. Additionally, there is still one defendant, Conroy Forbes, who is still a fugitive and his whereabouts are unknown to the Government, despite its efforts by due diligence to have him present for trial. Moreover, there can simply be no prejudice to Defendant Shaw because he like the other defendants have been allotted time to prepare his motions and to prepare for trial. Based on the schedules of the Court and the parties to this case, the Court has set a global motions hearing for October 23, 2007 and trial on January 15, 2008. At the time this trial date was set, it was set based on the availability of defense counsel with the express consent of the defendants, specifically Defendant Richards, to have available the counsel of their choice. This Court found most these matters to be in the interests of justice to toll the speedy trial clock.

Again, we do not take lightly the fact that Defendant Shaw sat in jail for approximately a month and we have sought to determine and correct this fact to prevent it from occurring again. Still, Defendant Shaw can have no greater right to a speedy trial than his codefendant who have been actively and aggressively litigating this case since their arrests on September 26, 2006. There are two substantial dates which clearly bars the dismissal of Defendant Shaw's case based on a speedy trial violation. First, the Government had filed a motion for tolling and exclusion of 120 days under the STA to return a superseding indictment which was returned on June 5, 2007. On May 30, 2007, there was a status hearing at which time there was substantial discussion by the parties regarding the STA. All the parties to that status hearing agreed that there were substantial procedural and substantive motions which needed to be filed and litigated by the parties. Several motions which are still pending before this court were filed on June 1, 2007, and on several dates since then through September 24, 2007. Accordingly, there has been no violation of Defendant Shaw's speedy trial rights and his case should not be dismissed. The speedy trial clock was already tolled prior to his presentment on his indictment in this complex, multiple codefendant case.

## ARGUMENT

Standard of Review and Applicable Legal Principles

Generally, a district court's application of the STA is reviewed de novo, while its factual findings are reviewed for clear error. United States v. Fonseca, 435 F.3d 369, 371 (D. C. Cir.2006). In addition, this Court "may affirm on grounds other than those presented and relied upon below." United States v.(Willie) Lawson, 410 F.3d 735, 740 (D. C. Cir.2005). Under the STA, "the trial of a defendant... shall commence within seventy days.. . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending[.]"18 U.S.C.§ 3161(c)(1). The

Act provides that the accrual of the 70 days shall be tolled under particular circumstances, "including but not limited to," 18 U.S.C. § 3161(h)(1), "delay resulting from any pretrial motion," 18 U. S. C. § 3161(h)(1)(F), and "delay resulting from the absence or unavailability of the defendant." 18 U.S.C. § 3161(h)(3)(A). The Act also excludes "delay resulting from a continuance.. ., if the judge granted the continuance based on his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U. S. C. § 3161(h)(8)(A). A district court also "may exclude motion preparation time in its sound discretion" under section 3161 (h)(1). United States v. Wilson, 835 F.2d 1440, 1444 (D. C. Cir. 1987). If a defendant's trial does not begin within the time limits prescribed by section 3161, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2) (emphasis added). "Failure of the defendant to move for dismissal prior to trial.. . shall constitute a waiver of the right to dismissal under [the STA]." 18 U.S.C. § 3162(a)(2).

Analysis

As this Court has recognized, pursuant to section 3161(h)(1), "the trial court may exclude motion preparation time in its sound discretion." United States v. Wilson, 835 F.2d 1440, 1444 (D.C. Cir. 1987) (citing United States v. Tibboel, 753 F.2d 608, 610 (7th Cir. 1985) (same); United States v. Jodoin, 672 F.2d 232, 238 (1st Cir. 1982) (same)). As in Wilson, such "discretion [was] explicitly exercised in this case," and was "clearly appropriate where (as here) it was the defendant[s] (Shaw's codefendants) who requested the extra preparation time." Id.  This same period was excludable under section 3161(h)(8)(A). As discussed above, this Court expressly stated its reasons for why it was in the interests of justice to exclude the 120-day period, as well as the time between June 1, 2007 and trial on January 15, 2008. Defendant Shaw claims that the present case is like Zedner v. United

States, 126 S. Ct.1976 (2006). There, however, the district court denied the STA motion based on prospective waiver, "mentioning in passing that the case was complex." Id. at 1982-83. The Supreme Court held that the STA does not permit prospective waiver, and after the government conceded that the district court failed to make any ends-of-justice findings, held that "§ 3161(h)(8)(A) is not satisfied by the District Court's passing reference to the case's complexity in its ruling on [the defendant's] motion to dismiss." Zedner, 126 S. Ct. at 1989. Here, by contrast, this Court (and Chief Judge Thomas F. Hogan by his Order) met the ends-of-justice requirement, finding that the case was complex and then again this Court ruled that because of the defense and Government's representations as to preparing additional motions, it was in the interest of justice to toll the STA until January 15, 2007, the date of trial in this case.

In addition, despite the delay in Defendant Shaw's presentment from his arrival in the D.C. Jail on July 11, 2007, until August 8, 2007, no violation of his 70-day STA had occurred before he made his oral motion to dismiss September 6, 2007. Moreover, the time from the signing of the writ by this Court on June 29, 2007 and July 11, 2007, is excludable under 18 U.S.C.§ 3161(h)(3)(A), which excludes "delay resulting from the absence or unavailability of the defendant[.]" Defendant Shaw was subject to the authority of the State of Maryland as he was serving a sentence and was confined by the State of Maryland. This Court and the Government exercised due diligence in securing his return from Maryland.

Speedy Trial Act

Pursuant to the STA, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, certain specified "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense may commence," including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, the motion." 18 U.S.C. § 3161(h)(1)(F).

    Furthermore, the Court may sua sponte grant a continuance if a continuance serves the ends of justice and outweighs the best interest of the public and defendant in a speedy trial:
Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

    The factors "a judge shall consider in determining whether to grant a continuance" include a determination of "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the

time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii). Finally, "[f]or a case involving multiple defendants, the Act excludes '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" United States v. Sanders, 485 F.3d 654, 657 (D.C. Cir.2007) (quoting 18 U.S.C. § 3161(h)(7)). The Supreme Court recently clarified that the twin goals of the operation of the Speedy Trial Act are the interests of the public and of the defendant in a speedy trial. See Zedner v. United States, 126 S.Ct. 1976, 1984 (2006), cited by Sanders, 485 F.3d at 655.

Several substantial motions were promptly filed in this case on June 1, 2007. This Court established a briefing schedule on May 30, 2007. While Sanders discussed the necessity of the district court "contemplating reserving time under the Act" to reserve time prior to the filing of motions, see id. at 658-59, distinguished from this case in which this Court has explicitly found that the STA is tolled during the pendency of Defendant Shaw's Co-Defendants' substantial pretrial motions. Additionally, this is not a case in which any party's "continuous and leisurely preparation of motions" or response thereto was used for "infinite delay." Sanders, 485 F.3d at 658 (quoting United States v. Wilson, 835 F.2d at 1444. Accordingly, as this circuit has encouraged placing speedy trial findings on the record at or near the time of any "continuance," Sanders, 485 F.3d at 659, this Court as an extra precaution has indicated that the complexity of the factual and legal issues raised in Defendants' pretrial motions is such that "the ends of justice served by" the briefing schedule set forth by the Court to allow the Defendants' pretrial motions to be fully and adequately considered "outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). See United States v. Brown, slip Copy, 2007 WL 2007513 at 17-18 (D.D.C.),

WHEREFORE, the Government respectfully requests that Defendant Shaw's motion to dismiss for speedy trial violation be denied.

                                Respectfully submitted,

                                JEFFERY A. TAYLOR
                                UNITED STATES ATTORNEY
                                D.C. BAR NO. 498-610

By: _____
     MARTIN DEE CARPENTER
     Assistant United States Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been served upon defense counsel Attorney Andrea Antonelli by facsimile, this 20th day of September, 2007, and by electronic filing to:

| | |
|---|---|
| Attorney Brian K. McDaniel<br>Email: kbmassociates@aol.com | Attorney Danielle C. Jahn<br>Email: dani_jahn@fd.org |
| Attorney Joanne D. Slaight<br>Email: jslaight@att.net | Attorney Andrea Patricia Antonelli<br>Email: apantonelli@verizon.net |
| Attorney Richard Alan Seligman<br>Email: rickselig@aol.com | Attorney Jerry Ray Smith<br>Email: jerryraysmith@verizon.net |

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C.  20530
Office No. (202) 514-7063
Facsimile No. (202) 514-8707

Email: martin.carpenter2@usdoj.gov