UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 06-306 (7) (EGS) |
| JUNIOR SHAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT
SHAW'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**

Junior Shaw, defendant, through counsel, respectfully submits the following reply to the Government's Opposition to the defendant's Motion to Dismiss in the above captioned case pursuant to the Speedy Trial Act of 1974. *See* 18 U.S.C. §3161 *et seq*. In support of this motion, counsel states:

The government agrees that the defendant should have been presented to the Court before August 8, 2007 and states that it does "not take lightly the fact that Defendant Shaw sat in jail for approximately a month . . . ." *See* Govt. Resp. at 2-3. Nevertheless, the government argues that the delay does not rise to the level of a speedy trial violation. *Id*. Rather, the government asks the Court to consider the "substantial litigation" by Mr. Shaw's co-defendants and to take judicial notice of the court docket in the case.. *Id*. At 2. The government argues that "two dates" bar dismissal of the defendant's case under the Speedy Trial Act: 1) the government's motion for tolling and exclusion of 120 days to return the superseding indictment, which was returned on June 5, 2007; and 2) a May 30, 2007, status hearing in which the parties agreed to litigate pre-

1

trial motions. Govt. Resp. at 3. Finally, the government argues that "[t]he speedy trial clock was already tolled prior to [Mr. Shaw's] presentment on his indictment in this complex, multiple codefendant case." Govt. Resp. at 3.

The government fails to cite any authority for the proposition that the defendant's speedy trial rights could be affected by events that occurred <u>before</u> he was either indicted or presented in the case. First, the defendant was not part of the original indictment. Therefore, the government's request to exclude 120 days in order to return a superseding indictment could not possibly affect Mr. Shaw's speedy trial rights. Second, while it is true that motions preparation time is excludable under the Act, neither defendant Shaw or undersigned counsel were present at the May 30, 2007 status hearing in which the other parties apparently agreed to a briefing schedule. Therefore, the exclusion is not relevant to Mr. Shaw's motion.

More importantly, the government's Opposition fails to address the basis for the defendant's motion to dismiss. The government incorrectly characterizes the defendant's motion when it states, "Defendant Shaw claims (his) case is like *Zedner v. United States*, 126 S.Ct. 176 (2006)." Govt. Resp.at 4-5. The defendant does not claim his case is like *Zedner*. Rather, the defendant submits that his case is factually similar to *United States v. Sanders*. 485 F.3d 654 (D.C. Cir. 2007). In *Sanders*, as in Mr. Shaw's case, a *writ of habeas corpus ad testificandum* was issued to bring one co-defendant from Maryland to the District of Columbia. 485 F.3d at 659-660. The government argued that the twenty-seven day delay before the defendant was present was excludable under the Act pursuant to section 3161(h)(3). *Id.*. The D.C. Circuit held that the time was <u>not</u> excludable because, as in Mr. Shaw's case, Sanders' whereabouts were known to the government and he was not unavailable for trial. *Sanders* at 660.

2

For these reasons, the reasons stated in the Motion to Dismiss, and any other reasons that appear to the Court, the defendant respectfully requests that the Court dismiss his case in the interests of justice and pursuant to the Speedy Trial Act.

                                         Respectfully Submitted,

                                         \_\_/s/_____

Andrea Antonelli, Esq.
806 7th Street, NW, Suite 301
Washington, D.C. 20001
Telephone: (202) 255-3654
Facsimile: (202) 898-1112