UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | ) |
| v. ) | ) Criminal Action No. 06-306 (EGS) |
| JUNIOR SHAW, ) | ) |
| Defendant. ) | ) |

**MEMORANDUM OPINION**

Junior Shaw has filed a Motion to Dismiss for Speedy Trial Violation. Upon consideration of Shaw's motion, the response and reply thereto, applicable law, and the entire record, and for the reasons articulated below, the Court **denies** the motion.

I.   **BACKGROUND**

Junior Shaw is one of seven codefendants charged in an alleged drug conspiracy. He is charged with two of the ten counts in the Superseding Indictment: Count 1 - conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine; Count 5 - unlawful maintenance of a premises to manufacture, distribute, store and use a controlled substance and aiding and abetting. Shaw was not part of the case until the government filed its Superseding Indictment on June 5, 2007. The original Indictment filed on October 12, 2006 charged only three defendants (Michael Richards, Russeline Miles, and Christopher Fleming) with six counts.

Shaw was detained at the Maryland Correctional Institute in Jessup, Maryland when the government filed its June 5, 2007 Superseding Indictment. He had been there since June 2006. On June 29, 2007, the Court signed a writ of habeas corpus ad testificadum for Shaw. On July 3, 2007, the government issued the writ of habeas corpus ad testificadum to Jessup Correction Institute in Jessup, Maryland. On July 11, 2007, Shaw was transported from Jessup to the D.C. Jail. Shaw's first appearance before the Court was on August 8, 2007, when he was arraigned by Magistrate Judge Alan Kay and held without bond. Counsel was appointed for Shaw on that day and Shaw asked to preserve all his pretrial rights including his right to a speedy trial. Shaw also appeared for a detention hearing on August 14, 2007 and status hearings on August 16 and September 6, 2007. On September 6, Shaw's counsel made an oral motion to dismiss the case for speedy trial violations, and the Court directed counsel to file a written motion by September 14, 2007. The motion to dismiss is now pending before the Court.

## II. ANALYSIS

The Speedy Trial Act provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act provides for nine enumerated "periods of delay" which may be "excluded" from the seventy-day maximum. *See* § 3161(h)(1)-(9). Among the periods of delay that may be excluded are: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(F); "delay resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date [of] an order of removal or an order directing such transportation[] and the defendant's arrival at the destination shall be presumed to be unreasonable," § 3161(h)(1)(H); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(J); "any period of delay resulting from the absence or unavailability of the defendant or an essential witness," § 3161(h)(3)(A)[1]; "[a] <u>reasonable</u> period of

---

[1] The Act goes on to define what it means for a defendant to be "absent" or "unavailable":

> For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

3

delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," § 3161(h)(7) (emphasis added). If a defendant is not brought to trial within the time prescribed by Section 3161(c) as extended by Section 3161(h), the indictment shall be dismissed on a motion of the defendant. § 3162(a)(2).

Shaw argues that the speedy trial clock has run because his whereabouts were known and he was not unavailable for trial within the meaning of Section 3161(h)(3)(A). If the Court were only calculating the time on the speedy trial clock based on whether or not Shaw was available for trial, the Court would at least find that the period between July 11, 2007 when Shaw was transferred from Maryland to D.C. and August 8, 2007 when he made his first appearance in court is not excludable.[2] Even though there appears to have been some confusion or miscommunication between the U.S. Marshals and the U.S. Attorney's Office, the government knew where Shaw was and he was available for trial during the time that he sat at the D.C. Jail. However, the Court

---

18 U.S.C. § 3161(h)(3)(B).

[2] The Court notes, however, that even if the Court were to find that Shaw's speedy trial clock was running between July 11 and August 8, 2007 and continued to run through September 6 when Shaw's counsel made an oral motion to dismiss (or even September 14 when the written motion was filed), there would still be no speedy trial violation. If the clock started on July 11, with no tolling, the seventy-day period would not run until September 18, 2007.

4

need not determine whether the period between July 11 and August 8 or any period preceding July 11 is excludable because the speedy trial clock for Shaw is tolled purusant to 18 U.S.C. § 3161(h)(7).

In *United States v. Sanders*, 485 F.3d 654 (D.C. Cir. 2007), the D.C. Circuit considered a similar issue in a case involving two codefendants. Both defendants (Turner and Sanders) were indicted on February 5, 2002. Relying on 18 U.S.C. § 3161(h)(7), which allows a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," the D.C. Circuit acknowledged that all parties agreed that the clock began to run when Sanders first appeared in court on March 4, 2002. *Sanders*, 485 F.3d at 657. The parties also agreed that the clock was tolled while the district court considered defendants' motion to suppress evidence between May 3 and July 2, 2002. *Id*. 59 days had already elapsed between March 4 and May 3. From July 3, the day after the first motion was decided, to July 25, when another motion was filed, the clock continued to run. This meant that unless some other exclusions applied in the time between March 4 and July 25, 81 days had run on the clock.

The government argued several theories for excluding time in *Sanders* that are relevant to this case. First, the government argued that the time period between April 18 when the parties had

5

a status hearing and May 3 when the first motions were due should be excluded as motions preparation time. *Id.* at 659. In *United States v. Wilson*, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987), the D.C. Circuit recognized that motions preparation time can be excluded from the speedy trial clock when the trial court "expressly grants time for such a purpose." In *Sanders*, the D.C. Circuit rejected an exclusion of motions preparation time because the government never explicitly asked for such time to be excluded and the trial court made no finding that time should be excluded under Section 3161(h)(1) for such purpose.[3] In the case of Shaw and his codefendants, the government did not explicitly ask to have motions preparation time excluded and the Court did not expressly grant time for such a purpose.

In *Sanders*, the D.C. Circuit also considered what constitutes an "unavailable" defendant within the meaning of Section 3161(h)(3)(A). Sanders was not present at a March 22, 2002 status hearing because he was in the custody of the State of Maryland. *Sanders*, 485 F.3d at 659. A writ of habeas corpus ad testificadum was issued on April 2, 2002 to return Sanders to the District of Columbia. *Id.* at 659-60. Sanders was then present

---

[3] Section 3161(h)(1) provides that the court may exclude "any period or delay resulting from other proceedings concerning the defendant, including but not limited to: the delay caused by the proceedings specifically listed in subparts (A) through (J). 18 U.S.C. § 3161(h)(1). *Wilson* held that "other proceedings" may include time allotted by the trial judge for preparation of motions. 835 F.2d at 1444.

6

at the next status hearing on April 18, 2002. *Id.* at 660. The Circuit rejected the government's argument that the period between March 22 and April 18 should be excludable due to Sanders' unavailability. *Id.* The Circuit found that Sanders' whereabouts were known to the government during the 27 days between March 22 and April 18 and he was not unavailable for trial during that time. *Id.*

Similar to Sanders, Shaw was available for trial and his whereabouts were known by the government during the period between at least July 11 (if not earlier) and August 8 when he made his initial appearance. Unlike Sanders who had already made his initial appearance in court on March 4, 2002 prior to then missing a status hearing on March 22, 2002 because of his detention in Maryland, Shaw did not make his first appearance in court until after he sat at the D.C. jail for 28 days after being transferred from Maryland. However, this does not change the analysis since Shaw's whereabouts were known during the time before his first appearance in court.

If Shaw were the only defendant in this case, then the analysis would turn on what date triggered the start of the speedy trial clock. Shaw, however, is one of seven codefendants. For cases involving multiple defendants, the Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial

7

has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Although *Sanders* quotes this section of the Act and notes that "[c]onsistent with the statute, the parties agree that the clock began to run when Sanders first appeared in court on March 4, 2002,"[4] 485 F.3d at 657, *Sanders* provides no further elaboration on the meaning of Section 3161(h)(7).

There are numerous earlier cases in this Circuit and other circuits exploring the meaning of Section 3161(h)(7). This Circuit in agreement with all other circuits has interpreted Section 3161(h)(7) to mean that "an exclusion applicable to one defendant applies to all codefendants." *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994) (same). The Supreme Court has clarified that all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant. *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *see also United States v. Butz*, 982 F.2d 1378, 1382 (9th Cir. 1993) ("If several defendants are joined, the 70-day limit is measured from the date the last codefendant is arraigned."); *United States v. Rosenthal Toyota, Inc.*, Crim. No. 93-14, 1993 U.S. Dist. LEXIS 9383, at *17 (D.D.C. July 13, 1993) (finding that the speedy trial clock did not begin to run

---

[4] Sanders codefendant, Turner, made his initial appearance in court on February 15, 2002.

until the last defendant was arraigned). This is consistent with the legislative history of the Act. The Senate Report for the Speedy Trial Act states that Section 3161(h)(7)

> provides for the exclusion of time from the time limits where the defendant is joined for trial with a codefendant who was arrested or indicted after the defendant. The purpose of the provision is to make sure that [§ 3161(h)(7)] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or be subject to a speedy trial dismissal motion. . . .

S. Rep. No. 83-1021, 93d Cong., 2d Sess. 38 (1974); *see also United States v. Sutton*, 801 F.2d 1346, 1365 (D.C. Cir. 1986) (finding that although the trial date was 101 days afer the arraignment of the first codefendant, it was only 55 days after arraignment of the second codefendant so there was no speedy trial violation as to the first defendant).

Shaw's situation presents a different issue than presented in these earlier cases. This is not a case where one of the earlier codefendants is trying to assert his or her speedy trial rights and the Court would have to try one of those defendants even though Shaw's clock has not yet run. By contrast, Shaw, the latest defendant added to the case, is asserting his speedy trial rights saying the clock, when solely applied to his circumstances, has run. The case is even more complicated by the fact that Conroy Forbes, the seventh codefendant, has still not been apprehended because Section 3161(h)(1)(J) provides for

9

exclusion of "any period of delay resulting from the absence or unavailability of the defendant or an essential witness."

Although the D.C. Circuit has not provided a lot of insight on what it means to have the exclusion applicable to one defendant apply to all defendants, *Edwards*, 627 F.2d at 461, other circuits have explored this issue in greater detail. In *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007), the Fifth Circuit elaborated that attribution of the delay of one codefendant to another codefendant is not automatic. Courts in the Fifth Circuit undertake a two-pronged inquiry to determine whether such attribution would be reasonable. The reasonableness of the delay is measured in reference to either (1) "the totality of the circumstances prior to trial"; or (2) "the actual prejudice suffered" by the defendant as a result of the delay. *Id.* (citing *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998)). "In examining the totality of the circumstances of the case, [the Fifth Circuit] focuses on the necessity of the delay, giving proper consideration 'to the purpose behind [§ 3161(h)(7)] – accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *United States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002) (quoting *Franklin*, 148 F.3d at 457). "With respect to the prejudice analysis, relevant considerations include whether the delay impaired the [defendant's] ability to defend himself or

10

resulted in excessive pretrial incarceration." *Franklin*, 148 F.3d at 457. The Fifth Circuit has also held that given the fact-intensive nature of this inquiry, it is to be determined on a case-by-case basis. *Stephens*, 489 F.3d at 654.

The Tenth Circuit has also examined Section 3161(h)(7) and concluded that "in the application of the 'reasonableness' standard under section 3161(h)(7), judicial efficiency in the trial of multiple defendants is to be preferred to an inflexible adherence to the letter of the Speedy Trial Act." *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (internal quotation marks and citations omitted). Courts in the Tenth Circuit examine "all relevant circumstances" in determining whether the delay attributable to a codefendant is "reasonable." *Id.* at 983-84 (citations omitted). The Tenth Circuit has provided three factors to guide the inquiry: (1) "whether the defendant is free on bond"; (2) "whether the defendant zealously pursued a speedy trial"; and (3) "whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *Id.* at 984 (citations omitted). In analyzing the third factor the Tenth Circuit has noted that "[w]here the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." *United States v.*

11

*Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990). The Tenth Circuit also notes that the inquiry is a heavily factual one. *Vogl*, 374 F.3d at 984.

No matter which of the analyses the Court applies to this case, the Court finds that there has been no Speedy Trial Act violation as to Shaw. Shaw was brought into a multi-defendant drug conspiracy case upon the filing of the Superceding Indictment on June 5, 2007. Although he unfortunately sat in jail in Maryland for over a year before being brought to D.C., the time he spent in Maryland has nothing to do with this case. Moreover, the time that he spent in the D.C. Jail without being arraigned, while unfortunate, amounts to much less time in jail than the time spent by his codefenants.

Given that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United States*, 506 U.S. 534, 537 (1993), and that the purpose of Section 3161(h)(7) is to facilitate joint trials of codefendants, the Court finds that Shaw's speedy trial clock time is tolled for several reasons. First, the Court finds that this is a complex case given the number of defendants and the nature of the charges. *See* § 3161(h)(8)(B)(ii). The June 5, 2007 Superseding Indictment involves ten counts against seven defendants and alleges a drug conspiracy spanning almost seven years. Second, numerous motions have been filed since the

12

Superseding Indictment was returned and both before and after Shaw was arraigned in this case. The motions of any codefendant toll the speedy trial clock as to the other codefendants. *See* § 3161(h)(1)(F); § 3161(h)(7). Finally, one codefendant, Conroy Forbes, is still unavailable for trial. *See* § 3161(h)(3)(A). This also has the effect of tolling the speedy trial clock. Although there is a point beyond which any delay caused by the failure to locate Conroy Forbes would be unreasonable, the Court does not find that any delay thus far due to Forbes' unavailability has become unreasonable.

Under Section 3161(h)(8)(A), the Court may, on its own motion, grant a continuance that has the effect of tolling the speedy trial clock upon a finding that the "ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The Court has already selected an October 23, 2007 motions hearing date and a January 15, 2007 trial date for this case based at least in some part on coordinating the schedules of the numerous attorneys in this case. The motions hearing date was also selected to allow sufficient time for all defendants, including those who did not appear in the case until after they were named in the Superseding Indictment on June 5, 2007, to review evidence provided by the government in this case and file their desired motions in advance of the hearing. The

13

Court recognizes that it is very difficult to find a time that accommodates the trial schedules of six (and possibly seven before trial) experienced criminal defense attorneys and the Assistant United States Attorney. Section 3161(h)(8)(B) sets forth some of the factors a judge may consider in its "ends of justice" analysis for purposes of 18 U.S.C. § 3161(h)(8)(A). As discussed above, the Court has already considered the complexity of this case, and determines that the ends of justice are served by the current motions schedule and trial date. *See* § 3161(h)(8)(B)(ii). Even if this case were not complex or unusual, the Court can consider whether failure to grant a continuance "would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv). In this case, the Court explicitly finds that the continuance between now and the motions hearing and between the motions hearing and trial is warranted to ensure the continuity of and adequate preparation time for all counsel (especially counsel for Richards who could not be available until January 15 for trial). Moreover, the unavailability of trial counsel for one codefendant is enough to

toll the speedy trial clock for other codefendants.[5]  *See United States v. Molina*, 407 F.3d 511, 532-33 (1st Cir. 2005) (finding that the district court did not abuse its discretion in excluding from the speedy trial calculus of one codefendant the period of delay attributable to the unavailability of the trial counsel of the other codefendant even though this resulted in eighteen months of total delay).  It is often the case that complex cases involving multiple defendants require experienced counsel, and such counsel have busy trial schedules that may cause some delay.  See *id*. at 532.  Given the strong presumption in favor of trying jointly indicted defendants together, the Court takes into account the availability of counsel in its reasonableness determination when tolling the speedy trial clock under Section 3161(h)(7).

### III. CONCLUSION

For all of the above reasons, the Court does not find that Shaw's speedy trial rights have been violated in this case. Accordingly, the Court **denies** Shaw's Motion to Dismiss for Speedy Trial Act Violation.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**September 26, 2007**

---

[5] Again, of course, this is subject to a determination that the period of delay is reasonable under 18 U.S.C. § 3161(h)(7).