UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-306 (EGS) |
| JUNIOR SHAW, | ) ) ) | |
| Defendant. | ) ) | |

MOTION TO SEVER DEFENDANTS
AND SUPPORTING POINTS AND AUTHORITIES

Junior Shaw, defendant, through counsel, respectfully moves this Honorable Court to sever his trial from that of his co-defendants pursuant to Federal Rule of Criminal Procedure 14. As grounds for this motion, the defendant states:

1. On June 5, 2007, the Government filed a ten-count superseding indictment in this case. There are seven defendants charged in the indictment.

2. Mr. Shaw is charged in two of the ten counts. He is charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute 50 grams or more of cocaine base (hereafter "crack") and 5 kilograms or more of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846. He is also charged in Count Five with Unlawful Maintenance of a Premises to manufacture, distribute, store and use a controlled Substance and Aiding and Abetting. *See* 18 U.S.C. §2; 21 U.S.C. § 856(a)(2).

3. The superseding indictment incorporates charges from two earlier indictments. On June 23, 2005, the government filed a four-count indictment against co-defendants Michael Richards

and Donnie Smith in Criminal Case No. 05-242.[1] [2]    The charges involved events that occurred between December of 2001 and May of 2002.  On October 12, 2006, the government filed a six-count indictment in this case against co-defendants Richards, Russeline Miles, and Christopher Flemming.[3]  The charges all involved events that occurred between January and September of 2006.  On June 5, 2007, the government filed the superseding indictment in this case, which added defendant Shaw as well as co-defendants Conroy Forbes and Gregory Gant.

4.      All seven co-defendants are charged with Count One- Conspiracy to Distribute and Possession with Intent to Distribute fifty grams or more of crack and five kilograms or more of cocaine.  *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846.  The government alleges that the conspiracy existed from approximately January of 2000 until September 26, 2006.  All seven co-defendants are also charged in Count Five - Unlawfully Maintaining a Premises to manufacture, distribute, store and use a controlled substance and aiding and abetting. *See* 18 U.S.C. §2; 21 U.S.C. § 856(a)(2).  Again, the alleged timeframe is from approximately January of 2000 until September 26, 2006.

---

[1]  Richards and Smith were both charged with: Count One - Conspiracy to Distribute and Possession with Intent to Distribute 50 grams or more of cocaine base from December 2001 to May 2002; Count Two - distributing 50 grams or more of crack and aiding and abetting on December 6, 2001; and Count Three - distributing more than 5 grams of crack and aiding and abetting on February 19, 2002.  Count Four charged Richards alone with distributing 50 grams or more of crack on May 2, 2002.

[2]  On July 26, 2007, the June 23, 2005 indictment was dismissed and criminal case number 06-242 was officially closed.

[3]  All three defendants were charged in all six counts.  Count One charged maintenance of a premises to manufacture, distribute, store and use a controlled substance.  Counts Two through Five charged distribution of 50 grams or more of crack and aiding and abetting on August 18, 2006, August 29, 2006, September 22, 2006 and September 26, 2006, respectively.  Count Six charged possession with intent to distribute and aiding and abetting on September 26, 2006.

5.     Like Mr. Shaw, codefendants Gant and Forbes are charged only in counts one and five. The remaining eight counts charge the other codefendants with drug distribution or possession with intent to distribute on specific dates.  Counts two and three charge Richards and Smith with distributing and aiding and abetting each other to distribute fifty grams or more of crack on December 6, 2001 and five grams or more of crack on February 19, 2002, respectively.  Count four charges Richards alone with distributing fifty grams or more of crack on May 2, 2002. Counts six through ten charge Richards, Miles, and Flemming with distributing and aiding and abetting each other to distribute the following:  count six) fifty grams of crack or more on August 18, 2006; count seven) 50 grams of crack or more on August 29, 2006; count eight) a detectible amount of crack on September 22, 2006; count nine) a detectible amount of crack on September 26, 2006; and count ten) fifty grams of crack or more on September 26, 2006.

6.     Mr. Shaw is not charged with distribution on any specific date; nor does the indictment allege any overt acts committed as part of the conspiracy charge.

7.     The indictment in this case is the result of multiple investigations and large-scale undercover operations conducted by both local and federal law enforcement agencies over a six-year period between 2000 and 2006.  Government counsel provided defense counsel with hundreds of pages of police reports and numerous audio and video tapes as part of the discovery process.[4]  The discovery includes evidence of numerous undercover buys, most of which include surveillance, video and/or audio recordings.  Officers also executed search warrants and

---

[4] Discovery is not yet complete.  Defense counsel believes, however, that she has received the vast majority of available discovery and does not anticipate any problem with obtaining the few remaining requested items.

recovered contraband. The case culminated with the arrests of co-defendants Richards, Flemming and Miles on September 26, 2006. On that date, police recovered additional physical evidence and obtained a video-taped confession from co-defendant Miles.

8.  In addition to the evidence described above, the government has filed motions indicating that it intends to introduce evidence of prior convictions as well as "other crimes" evidence against co-defendants Richards, Miles, and Flemming at trial in this case. *See* Docket #27, Motion for 609 Evidence filed 6/1/07 and Docket #28 Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts under F.R.C.P. 404(b) filed 6/1/07.

9.  In contrast, the evidence against Mr. Shaw is negligible. Despite the overwhelming amount of discovery, there is not one single direct reference in any of the materials to Mr. Shaw. The government alleges that Mr. Shaw sold cocaine to an undercover officer on October 30, 2001 and that he was present when codefendant Richards made another sale to an undercover officer on November 9, 2001. Other than the police reports relating to those two events, which identify the suspect as a man named "John", there is nothing at all in the discovery regarding Mr. Shaw. Therefore, except for possible witness testimony, there is little evidence that the government can introduce against Mr. Shaw at trial in this case.

10..  Trial is scheduled for January 15, 2008. All of the co-defendants are currently scheduled for trial together except for defendant Conroy Forbes, who has not yet been arrested.

11.     The Court has discretion to sever Mr. Shaw's trial from that of his codefendants under Rule 14 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. Proc. 14; *United States v. Ford*, 870 F.2d 729, 703 (D.C. Cir. 1989).

12.     A defendant's case should be severed if there is a serious risk that a joint trial will compromise his trial rights or prevent the jury from making a reliable judgment about his guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

13.     Mr. Shaw's trial rights will be jeopardized if he is forced to go to trial with his codefendants because the evidence against him is *de minimus* compared to the evidence against the other defendants and because they are likely to present mutually antagonistic defenses.

14.     In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the Court's interest in judicial economy. *United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987).    Although Rules 8(b) and 14 are designed to promote judicial economy, those objectives "must be achieved without substantial prejudice" to the defendant's right to a fair trial. *Bruton v. United States*, 391 U.S. 123, 131, n.6 (1968).

15.     A curative or limiting instruction will not suffice to cure the risk of prejudice in his case.

POINTS AND AUTHORITIES

The Court has discretion pursuant to Federal Rule of Criminal Procedure 14 to sever

Mr. Shaw's case and trial from that of his co-defendants. *United States v. Ford*, 870 F.2d 729, 703 (D.C. Cir. 1989). Under Rule 14, "[i]f it appears that a defendant or the government is prejudiced by a joinder of . . . defendants in an indictment or information or by such joinder for trial together, the court may . . . grant a severance of defendants . . . ." Fed. R. Crim. Proc. 14(a). A severance should be granted, "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993)

    Here, Mr. Shaw's trial rights will be compromised at a joint trial. First, it is likely the codefendants will present mutually exclusive and antagonistic defenses. Second, evidence will certainly be introduced at a joint trial that would not be introduced if Mr. Shaw were tried alone. Finally, the evidence against Mr. Shaw's co-defendants is overwhelming compared to the minimal amount of evidence against him. Such significant prejudicial effect will deprive Mr. Shaw of a fair trial. *United States v. Tarantino*, 846 F.2d 1384, 1398 (D.C. Cir. 1988); *United States v. Tolliver*, 541 F.2d 958 2d Cir. 1976). Because the evidence against the co-defendants is far more damaging, the jury may be unable to separate the relative innocence or guilt among the defendants charged. The jury may, for example, impute guilt to one defendant based on the activity of the other.

    Here, the evidence against Mr. Shaw is only a small fraction of the evidence against his co-defendants. Mr. Shaw is not charged with any specific counts regarding sales; nor are there

any overt acts or specific instances of misconduct alleged in the indictment. Rather, the government alleges that he participated in two sales approximately six years ago, in 2001. Despite the overwhelming amount of evidence in the case in general, there is virtually no evidence against Mr. Shaw, except testimonial evidence that he is the person formerly identified as "John" who participated in those sales.

Although severance is not required merely because evidence against one defendant is more damaging than the evidence against the other, severance is required where evidence against one codefendant is so much more damaging than the evidence against the other that the disparity unfairly raises the specter of guilty by association. *United States v. Mardian,* 546 F.2d 973, 979-81 (D.C. Cir. 1976); *accord United States v. Sampol*, 636 F.2d 621, 642-648 (D.C. Cir. 1980).

The critical determination is whether a jury could reasonably compartmentalize the evidence introduced against each individual defendant. *United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991). However, Mr. Shaw "[s]hould not be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." *United States v. Boscia*, 573 F.2d 827, 833 (3rd Cir. 1978). Finally, the disparity in evidence is so great that a curative instruction will be insufficient to protect Mr. Shaw's rights.

CONCLUSION

For the foregoing reasons, and any other reasons that the Court may appear to the Court, Mr. Shaw requests that the Court sever his trial from that of his co-defendants.

Mr. Shaw requests an evidentiary hearing on this motion.

                                          Respectfully Submitted,

                                          _____/s/_____
                                          Andrea Antonelli
                                          Counsel for Junior Shaw
                                          Bar No. 450238

                                          Suite 301
                                          806 Seventh Street, NW
                                          Washington, DC  2004
                                          Telephone: 202-255-3654
                                          Facsimile: 202-898-1991
                                          e-mail:  apantonelli@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-306 (EGS) |
| JUNIOR SHAW, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

Upon consideration of Defendant Shaw's Motion to Sever Defendants and after considering the entire record in this case, it hereby ordered that the defendant's motion is GRANTED;

It is FURTHER ORDERED that defendant Shaw shall be tried separately from his co-defendants.

_____
Judge Emmet G. Sullivan
United States District Judge

DATED: _____