UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-306 (EGS) |
| | ) | |
| JUNIOR SHAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
"NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER F.R.C.P. 404(b) AND GOVERNMENT'S MOTION TO ADMIT SUCH EVIDENCE AT TRIAL FOR DEFENDANT SHAW"
AND SUPPORTING POINTS AND AUTHORITIES

Junior Shaw, defendant, through counsel, opposes the Government's request to introduce evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Criminal Procedure 404(b). Defendant Shaw respectfully requests that this Court enter an order precluding the government from introducing evidence of crimes, wrongs, or acts allegedly committed by Mr. Shaw, other than those charged in the indictment, at trial in this case. As grounds for this Motion, the defendant states:

1.      The government filed an indictment on June 5, 2007, charging the defendant with two separate counts: Count One) Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine in violation of 21 U.S.C. § 846; and Count Five) Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. §2.

2.  On October 17, 2007, the government filed a "Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts Under F.R.C.P. 404(b) and Government's Motion to Admit Such Evidence at Trial for Defendant Shaw." The government moves "to admit evidence of the facts of the cases which compromised the defendant's . . . convictions and arrests . . . ." *See* Gov't 404(b) Mot. at 1-2. The government maintains that the facts which gave rise to Mr. Shaw's arrest on August 1, 2002, and subsequent conviction and sentence on January 9, 2003, for Possession With Intent to Distribute Cocaine, Distribution of Cocaine, and Possession of a Firearm During a Drug Trafficking Crime are admissible pursuant to Rule 404(b) as evidence "relevant to prove one or more of the following; [sic] motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*.

3.  The proposed evidence is inadmissible character evidence that is specifically precluded by Rule 404(b). The evidence is also irrelevant and therefore inadmissible pursuant to Federal Rules of Evidence 401 and 402. Finally, even if the evidence had some limited probative value, it is inadmissible under Rule 403 because any probative value would be substantially outweighed by its enormous prejudicial impact.

## SUPPORTING POINTS AND AUTHORITIES

Federal Rule of Evidence 404(b) prohibits the government from introducing evidence of other crimes, wrongs or acts in order to prove the defendant's character. Fed. R. Evid. 404(b). Such evidence may be admissible, however, "[a]s proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." *Id*. The basic premise of the rule is that a jury should not be allowed to infer that because the defendant committed a crime in the past, he is a bad person and therefore, likely to have committed the charged crime. *United States v. Brawner*, 32 F.3d 602 (D.C. Cir. 1994), *citing Michelson v.*

2

*United States*, 335 U.S. 469, 475-76 (1948). "The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence." *United States v. Dockery*, 955 F.2d 50, 53 (D.C. Cir 1992), *citing United States v. Daniels,* 770 F.2d at 1118.

There is a two-part analysis used to determine whether other crimes evidence should be admitted at trial. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). First, the Court must determine if the evidence is relevant under 404(b). *Id.* If the evidence is relevant and admissible for a proper purpose, the Court must then determine whether the prejudicial impact of the testimony substantially outweighs its probative value under Rule 403. *Id*; *United States v. Manner*, 887 F.2d 317, 321 (D.C. Cir. 1989).

I.   The Proposed Evidence is Inadmissible Under Rule 404(b)

The uncharged conduct cited by the government does not constitute valid "other crimes" evidence under Rule 404(b). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681 (1988). Evidence of the defendant's prior conduct may be admitted only if: 1) the evidence tends to prove a material point; 2) the other act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the other act; and 4) (in certain cases) the act is similar to the charged offense. *United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994), *citing United States v. Garcia-Orozco*, 997 F.3d at 1304; *see also United States v. Manner*, 887 F.2d 317, 321 (D.C. Cir 1989); *United States v. Moore*, 732 F.2d 983, 988 (D.C. Cir. 1980) (noting that evidence was admissible

because it was logically related to charged offense, not too remote in time and not of fundamentally different nature).

Here, the government's motion simply references Mr. Shaw's prior conviction without detailing the specific facts that it seeks to introduce into evidence at trial. Further, the government's motion simply lists every possible purposes for which evidence <u>could</u> be admitted under Rule 404(b), without specifying what exception the government relies upon in this case. In any event, evidence of Mr. Shaw's prior conviction is not probative of any material issue in this case and there is no proper purpose for which it could be admitted.

II.  <u>The Evidence is Inadmissible Because Its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice</u>

Here, the evidence that the government seeks to introduce, that defendant has a prior conviction for a drug offense in Maryland, is extremely inflammatory and any probative value would be substantially outweighed by the danger of prejudice. Rule 404(b) lists specific exceptions to the general prohibition against character and propensity evidence.  If the government seeks to introduce evidence that does not fall within one of the specifically delineated exceptions, its admissibility must be justified by some other means. Evidence that is not "bad acts" evidence is still governed by the general relevancy provision in Rules 401 and the balancing test in Rule 403. *United States v. Crowder*, 87 F.3d 1405, 1414 (D.C. Cir. 1996). Also, it is important to note that, "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this Circuit." *United States v. Bowie* 232 F.3d 923, 929 (D.C. Cir. 2000) (improper for trial court to admit evidence of earlier incident on the grounds that it was "inextricably intertwined" with the charged crime). "Such broad exclusions

have no discernible grounding in [the language of Rule 404(b) and the rule] should not be disregarded on such a flimsy basis." *Bowie* at 929.

## CONCLUSION

For the above stated reasons and any other reasons that may appear at a hearing on the government's request to admit other-crimes evidence, the defendant respectfully requests that the government's request be denied.

Respectfully submitted,

_____/s/_____
Andrea Antonelli
Counsel for Junior Shaw
Bar No. 450238
Suite 301
806 Seventh Street, NW
Washington, DC  2004
Telephone: 202-255-3654
Facsimile: 202-898-1991
e-mail:  apantonelli@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 06-306(7) (EGS) |
| JUNIOR SHAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

This matter comes before the Court on the Government's "Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts Under F.R.C.P. 404(b) And Government's Motion to Admit Such Evidence at Trial" filed on October 17, 2007. Upon consideration of the Government's Motion, the Defendant's Opposition, oral argument, and the entire record in this case, it is hereby:

ORDERED that the Government's Motion is DENIED.

It is FURTHER ORDERED, that the Government is not permitted to introduce evidence of any crimes, wrongs, or other bad acts allegedly committed by Defendant Shaw, other than those charged in the June 5, 2007 superseding indictment.

_____            _____
 Date                              Judge Emmet G. Sullivan

1