## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-306 (EGS) |
| JUNIOR SHAW, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION FOR BILL OF PARTICULARS
### AND SUPPORTING POINTS AND AUTHORITIES

Junior Shaw, defendant, through counsel, respectfully moves this Court to direct the filing of a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f). As grounds for this Motion, the defendant states:

1. On June 5, 2007, the Government filed a ten-count superseding indictment against Mr. Shaw and six other individuals.

2. Mr. Shaw is charged with the following: Count One - Conspiracy to Possess with Intent to Distribute and to Distribute 50 grams or more of cocaine base (hereafter "crack") and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846.; and Count Five-Unlawful Maintenance of a Premises to manufacture, distribute, store and use a controlled Substance and Aiding and Abetting in violation of 18 U.S.C. §2; 21 U.S.C. § 856(a)(2).

3.     All seven individuals were charged with Counts One and Five. The remaining eight counts charge other codefendants with drug distribution or possession with intent to distribute on specific dates.[1] Mr. Shaw is not charged with any of the specific counts.

4.     The indictment alleges that the conspiracy existed from approximately January 20, 2000 until at least September 26, 2006 in the District of Columbia, the State of Maryland, and elsewhere. It provides the same general time-frame for the Premises charge in Count Five. There are no overt acts listed as part of the conspiracy count.

5.     Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct a filing of a bill of particulars upon motion of the defendant. A bill of particulars provides the defendant details of the charges necessary to prepare a defense, to avoid prejudicial surprise at trial, and to protect against a second prosecution based upon the same facts. *See e.g. United States v. Nachamie*, 91 F.Supp. 2d 565, 570 (S.D.N.Y. 2000), *citing United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

6.     The indictment in this case is the result of large-scale undercover operations conducted by both local and federal law enforcement agencies between 2000 and 2006. Although the government has provided defense counsel with a significant amount of discovery, there is not

---

[1] Counts Two and Three charges codefendants Richards and Smith with distributing and aiding and abetting each other to distribute fifty grams or more of crack on December 6, 2001 and five grams or more of crack on February 19, 2002, respectively. Count Four charges Richards alone with distributing fifty grams or more of crack on May 2, 2002. Counts Six through Ten charge Richards, Miles and Flemming with distributing and aiding and abetting each other to distribute the following: Count Six) fifty grams of crack or more on August 18, 2006; Count Seven) 50 grams of crack or more on August 29, 2006; Count Eight) a detectible amount of crack on September 22, 2006; Count Nine) a detectible amount of crack on September 26, 2006; and Count Ten) fifty grams of crack or more on September 26, 2006.

one single direct reference to Mr. Shaw in the discovery materials.[2]  At Mr. Shaw's detention hearing in this case, government counsel proffered that Mr. Shaw sold cocaine to an undercover officer on October 30, 2001 and that he was present when codefendant Richards made another sale to an undercover officer on November 9, 2001. Other than the police reports relating to those two events, which identify the seller as a man named "John", and the audio tapes of the undercover officer setting up the buy, there is nothing at all in the discovery regarding Mr. Shaw. Because of the lack of physical evidence, defense counsel expects that the government to rely heavily on witness testimony at trial.  Without further information, however; defense counsel can not adequately prepare for trial.

7.      The trial court has "very broad discretion" when ruling on a request for a bill of particulars.  *Will v. United States*, 389 U.S. 90, 98 (1967).  A bill of particulars will enable the defendant and counsel to understand the substance of the charges against him and to prepare his defense against these charges, without prejudicial surprise at trial.  Because of the nature of conspiracy law, the identity of coconspirators may not even be known to other alleged members of a conspiracy.  When an indictment fails to provide adequate information to the defendant and counsel for the charges to be understood or for unfair surprise to be avoided at trial, the defendant's remedy is to file a motion for a bill of particulars.  *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987); *United States v. Schembari*, 484 F.2d 931, 934 (4th Cir. 1973).   The trial court should grant a motion for a bill of particulars "when `necessary to prevent unfair surprise at trial.'"  *United States v. Ramirez*, 54 F.Supp. 2d 25, 29 (D.D.C. 1999), *citing United States v. Epsy*, 989 F.Supp. 17, 34 (D.D.C. 1997).  The need for a bill of

---

[2]  Discovery is not yet complete.  Defense counsel believes, however, that she has received the vast majority of available discovery and does not anticipate any problem with

3

particulars in cases involving such broad conspiratorial allegations is well recognized. *See United States v. Hubbard*, 474 F.Supp.64, 81 (D.D.C. 1979)(ordering list of all un-indicted co-conspirators and all overt acts in furtherance of conspiracy); *United States v. Mannino*, 480 F.Supp. 1182, 1185 (S.D.N.Y. 1979)(ordering bill of particulars with respect to overt acts).

8.     In addition to the lack of discovery regarding Mr. Shaw, defense counsel needs additional information regarding his alleged role in the conspiracy to adequately address possible double jeopardy concerns. Mr. Shaw was arrested in Maryland in August of 2002 and charged in two separate indictments in the District Court for P.G. County, Maryland with drug conspiracy and other related charges. He pleaded guilty to three separate counts on January 9, 2003. *See* "Government's Motion & Notice of Defendant Shaw's Prior Convictions" filed on October 17, 2007, ECF Document #87. Because the government alleges that the conspiracy in this case was ongoing between 2001 and 2006, the Maryland events clearly occurred during the same time-frame. Government counsel initially told defense counsel that he was not sure if the Maryland case was related to this case and recently told counsel that he "did not believe" the cases were related. Nevertheless, defense counsel must have more information about Mr. Shaw's alleged role in this case in order to address possible double jeopardy concerns.

9.     Thus, defendant Shaw respectfully requests that the Court direct the government to state the following in a Bill of Particulars:

    A.     The date, time, and place when Mr. Shaw first participated in any overt act in furtherance of the alleged conspiracy;

    B.     The date, time, and place when Mr. Shaw last participated in any overt act in furtherance of the alleged conspiracy;

---

obtaining the few remaining requested items.

   C. A precise description of any acts Mr. Shaw engaged in or statements he made in furtherance of the conspiracy (including the name, address, and phone number of each person present when such acts were committed[3] as well as the exact date(s), time(s), and place(s) (including address) of these acts or statements);

   D. The date, time, and place where law enforcement alleges that it observed conduct of Mr. Shaw in furtherance of the charged conspiracy (including the name, address, and phone number of each person present at the time);

   E. A statement of how law enforcement officials determined Mr. Shaw was involved in the alleged conspiracy and the production of all evidence supporting the belief at the time it was first held;

   F. The date, time, and place where the conspiracy began if Mr. Shaw was not present as reflected in the answer to (A) (including the name, address, and phone number of each person present when the conspiracy began);

   G. The precise quantity of cocaine or other illegal substance, if any, Mr. Shaw agreed or consented to distribute (including the date(s), time(s), and place(s) of each such alleged agreement as well as the name, address, and phone number of each person present at each alleged agreement);

   H. The precise quantity of cocaine or other illegal substance the alleged conspirators distributed during the life of the conspiracy, which provide the basis for the amount alleged in the indictment (including the date(s), time(s), and place(s) of each such alleged agreement or transaction as well as name, address, and phone number of each person present at each alleged agreement);

---

[3]"It is not uncommon for the government to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." *Will v. United States*, 389 U.S. 90, 99 (1967).

     I.     The "conduct of the co-conspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable." *See* Sentencing Guidelines § 201.4(a) (Commentary).

     J.     The identity of all alleged co-conspirators, his or her role in the conspiracy, and the approximate dates the individual joined or left the conspiracy.

     K.     Specify whether the alleged conspiracy was express or implied on the part of Mr. Shaw and each co-conspirator. If express, state the express agreement. If implied, identify and describe the acts, meetings or statements.

     WHEREFORE, for the foregoing reasons as well as any the Court deems appropriate, counsel and Mr. Shaw respectfully request an order directing the government to file a bill of particulars detailing the requested information.

     Respectfully submitted,

     ____/s/____
Andrea Antonelli
Counsel for Junior Shaw
Bar No. 450238
Suite 301
806 Seventh Street, NW
Washington, DC  2004
Telephone: 202-255-3654
Facsimile: 202-898-1991
e-mail:  apantonelli@verizon.net

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 06-cr-306 (EGS)** |
| **v.** : | |
| : | |
| **JUNIOR SHAW** : | |
| : | |

**<u>ORDER</u>**

Upon consideration of the defendant's "MOTION FOR A BILL OF PARTICULARS and the record herein, it is this _____ day of _____, 2007 hereby

ORDERED that the motion is granted.

_____
The Honorable Emmet G. Sullivan
U.S. District Court Judge