UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-cr-306 (EGS) |
| v. : | |
| : | |
| JUNIOR SHAW, : | |
| Defendant : | |
| : | |

# MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS AND SUPPORTING POINTS AND AUTHORITIES

Junior Shaw, defendant, through counsel, respectfully moves this Honorable Court for a pretrial hearing to determine the existence of a conspiracy as alleged in the indictment and to determine the admissibility of alleged coconspirators statements pursuant to Rules 104 and 801(d)(2)(E) of the Federal Rules of Evidence. In support of this motion, counsel states:

1. Rule 104 of the Federal Rules of Evidence provides that the trial court shall make preliminary determinations on the admissibility of evidence. Fed. R. Evid. 104. Defense counsel anticipates that the government will seek to introduce substantial evidence of statements by alleged co-conspirators at Mr. Shaw's trial. In order for co-conspirator statements to be admissible against Mr. Shaw, this Court should first make a preliminary determination that a conspiracy existed and that the statements are otherwise admissible.

2. Statements of alleged co-conspirators are admissible pursuant to Rule 801(d)(2)(E) if: "(1) a conspiracy existed, (2) the co-conspirators and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of

the conspiracy." *United States v. Gantt*, 199 U.S.App.D.C.249, 262, 617 F.2d 831, 844 (D.C. Cir. 1980).   In *Bourjaily v. United States*, 483 U.S. 171 (1987), the Supreme Court held that the preponderance of the evidence standard governs preliminary fact finding under Rule 801(d)(2)(E).  It also held that Rules 104(a) and 101(d)(1) demonstrate a plain congressional intent to permit courts to consider the contents of challenged conspirator statements in making preliminary factual determinations.  Mr. Shaw respectfully submits that some evidence independent of the hearsay statements themselves must support the Court's findings.  Gantt, supra, at 844.  See also *United States v. Weisz*, 231 U.S.App.D.C. 1, 718 F.2d 413 (D.C. Cir. 1983).

3.      The Rule 801(d)(2)(E) inquiry is a preliminary question of admissibility under Rule 104(a).  It is within a court's sound discretion to choose the procedure for determining the admissibility of statements pursuant to Rule 801(d)(2)(E).  However, ". . . the better practice is for the court to determine before the hearsay evidence is admitted that evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of hearsay declarations." *United States v. Jackson*, 201 U.S. App. D.C, 212, 232, 617 F.2d 1198, 1218 (D.C. Cir. 1980).  *See also United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir. 1980).

4.      Mr. Shaw respectfully submits that a Rule 104(a) pretrial hearing procedure should be employed in this case; otherwise Mr. Shaw may suffer extreme prejudice that cannot be remedied by a curative instruction.  Moreover, as Rule 104(a) permits consideration of the proffered statement in determining its admissibility, it does not follow that the Court is required to give the hearsay much weight in making the determination.  As hearsay, it may well be "idle chatter" or malicious gossip under circumstances providing no assurance of trustworthiness.  As a result, the Court's focus will have to be on the strength of the independent evidence.

5.      Courts after *Bourjaily* have held that corroborative evidence must be at least "fairly incriminating" on its own. As the Ninth Circuit noted in *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988), evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently corroborative of the co-conspirator's statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy. Evidence of innocent conduct does little, if anything to enhance the reliability of the co-conspirator's statement. A co-conspirator's statement which is presumptively unreliable, is no more reliable when coupled with evidence of conduct that is completely consistent with the defendant's unawareness of the conspiracy. In *Silverman*, the Court held that statements of the defendant's sister, identifying him as her drug supplier, were inadmissible under the co-conspirator exception. The only independent evidence put forth by the government was that the sister would travel to the town where the defendant lived; that the defendant would pick her up at the airport; that when the sister returned to his home, she would have drugs; and that the defendant subsequently concealed his identity from a DEA agent. The Court held that the brother-sister association was "too innocent" to connect the defendant to any conspiracy, and that the subsequent concealment of identity was not sufficiently related the brother-sister connection to render it sufficiently probative of a conspiracy between them. The Court concluded that the independent evidence proffered by the government "was so marginally corroborative that it failed to overcome the presumptive unreliability" of the sister's hearsay statements.

6.      As discussed in the Defendant Shaw's Motion for a Bill of Particulars, there is no direct reference to Mr. Shaw in any of the police reports in this case and no physical evidence against him. Thus, the government's case against Mr. Shaw will necessarily depend on declarations of

the alleged coconspirators. Therefore, a preliminary determination of the admissibility of the co-conspirators' statements is appropriate in this case.

WHEREFORE, for the foregoing reasons and any other reasons that may appear to the Court, Mr. Shaw respectfully requests that this Court hold a pretrial hearing to determine the existence, if any, of the charged conspiracy and the admissibility of coconspirators' statements against him. This should include a determination of whether a conspiracy existed; whether evidence exists to establish defendant Shaw as a member; whether evidence exists to show the hearsay declarant was a member of the conspiracy; whether evidence exists to show that declarations to be admitted were made during the conspiracy; whether evidence exists to show that the declarations were made in furtherance of the conspiracy; and whether evidence exists to show that the declarations are sufficiently trustworthy to satisfy due process and the Confrontation Clause of the U.S. Constitution.

        Respectfully Submitted

/s/
Andrea Antonelli
Bar No. 450238

806 7th Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 255-3654

4

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal Nos. 06-cr-306 (EGS)** |
| **v.** : | |
| : | |
| **JUNIOR SHAW** : | |
| : | |

**ORDER**

Upon consideration of the defendant's MOTION FOR DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS, the government's Response thereto, and the entire record in this matter, it is this _____ day of _____, 2007, hereby

ORDERED that defendant's Motion is granted.

_____
The Honorable Emmet G. Sullivan
U.S. District Court Judge