UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Criminal Case No.  06-306 (EGS) |
| | : | |
| JUNIOR SHAW, | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT SHAW'S "MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS"

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this pleading opposing defendant Shaw's "Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on Admissibility of Co-Conspirators' Statements" (Document 96).  In support of its opposition, the United States relies on the following points and authorities, and any other points and authorities that it may cite at a hearing on the motion.

The law on admitting co-conspirator statements supports this District's practice of admitting the co-conspirators' statements subject to connection in the trial.  Additionally, a determination regarding admissibility is ultimately a trial ruling.  Given the absence of any reason calling such practice into question, the Court should deny defendant Shaw's request for a "pretrial hearing procedure" (Document 96 at 2), and admit the statements subject to connection as well as a determination of admissibility at trial.

Federal Rule of Evidence 801(d)(2)(E) provides that statements of co-conspirators made in furtherance of the conspiracy are not hearsay.  A statement made by a co-conspirator which is also made in furtherance of the conspiracy is admissible against each conspirator.  <u>United States v. Jackson</u>, 627 F.2d 1198, 1216 (D.C. Cir. 1980).  To admit such statements, the government need

only prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statement was made in furtherance of the conspiracy. United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir. 1992) (citing Bourjaily v. United States, 438 U.S. 171, 175 (1987)).[1] The statement may be considered by the court in finding that a conspiracy existed as long as there is also some independent evidence of the conspiracy as well. Beckham, 968 F.2d at 50-51.

There is no requirement, however, that the government prove the preliminary facts of the conspiracy prior to the disclosure of a co-conspirator's statement at trial. Courts have long admitted such statements on a conditional basis subject to proof of the conspiracy later during the trial:

> As a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit declarations of co-conspirators "subject to connection." If substantial evidence of the connection has not been produced at the close of the government's case, the court will instruct the jury to disregard the hearsay statements; or the court may grant a mistrial.

United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980); see also Jackson, 627 F.2d at 1218 (trial courts are not required to hold "mini-trials" on the conspiracy issue before the conditional admission of a co-conspirator's statement); United States v. Monaco, 702 F.2d 860, 877 n.29 (11th Cir. 1983) (court may admit statements subject to the government "connecting them up"); United States v. Graham, 548 F.2d 1302, 1308-09 (9th Cir. 1977) (requiring proof of conspiracy first would compel fragmented presentation of evidence); United States v. Ortiz, 966 F.2d 707, 715 (1st Cir. 1992); United States v. Barrett, 933 F.2d 355, 358 (6th Cir. 1991); United States v. Jones, 542 F.2d 186 (4th Cir. 1976); United States v. Katz, 535 F.2d 593, 597 (10th Cir. 1976); United States v. Trotter, 529

---

[1] "Crawford [v. Washington, 541 U.S. 36 (2004)] does not undermine Bourjaily. Coconspirator statements in furtherance of a conspiracy are not typically the type that fall within the definition of 'testimonial.' The Crawford court recognized as much." United States v. Carson, 455 F.3d 336, 365 n.25 (D.C. Cir. 2006).

F.2d 806, 811-13 (3d Cir. 1976). Rule 104(b) of the Federal Rules of Evidence codifies this commonly used judicial practice.[2]

The conspiracy "mini-trial" requested by the defendant is not only unnecessary, it would also significantly prolong the proceedings as a whole, since a pretrial ruling of admissibility would eventually have to be revisited at trial. See, e.g., United States v. Pepe, 747 F.2d 632, 653 (11th Cir. 1984) (pretrial ruling in a conspiracy case "is not dispositive on the issue of hearsay, however, because the admissibility of testimony is, ultimately, a trial ruling"). The scheduling of such a pretrial hearing in this case would accomplish nothing more than a complete and necessarily very lengthy preview of the government's case against each of the remaining defendants. See United States v. Ianniello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985).

The government submits that there will be ample evidence at trial to connect co-conspirator statements to the conspiracy with which the defendants are charged. The government intends to introduce substantial evidence of the conspiracy. That evidence includes, inter alia, eyewitness testimony, audiotapes and videotapes of trafficking activity, telephone records, and recorded telephone conversations. This evidence will show actions, association, and jointly undertaken conduct which demonstrates that each defendant was acting in pursuit of a common design and a common goal. Consequently, the Court will not be placed in the position of ruling upon the existence of a conspiracy solely upon reference to a single unsupported co-conspirator declaration. The government therefore submits that an evidentiary pretrial hearing is unnecessary under the Gantt decision's "subject to connection" rule.

---

[2] Rule 104(b) states that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court deny defendant Shaw's "Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on Admissibility of Co-Conspirators' Statements."

        Respectfully submitted,

        Jeffrey A. Taylor
        United States Attorney
        DC Bar No. 498610

        Martin Dee Carpenter
        Assistant United States Attorney
        DC Bar No. 431211

          /s/
By: _____
        Gregory G. Marshall
        Assistant United States Attorney
        CT Bar No. 409959
        555 Fourth Street, N.W., Room 4126
        Washington, DC 20530
        (202) 353-7557
        gregory.marshall@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of this pleading to be served upon defense counsel, via Electronic Case Filing, this 27th day of November, 2007.

        /s/
_____
Gregory G. Marshall
Assistant United States Attorney