UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 06-cr-306 (EGS) |
| JUNIOR SHAW, <br>             Defendant | : |

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT SHAW'S MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS

Junior Shaw, defendant, through counsel, respectfully submits this pleading in reply to the Government's Opposition to Defendant Shaw's "Motion for Preliminary Determination of Conspiracy and Pretrial Ruling On Admissibility of Co-Conspirator's Statements. In support of this motion, counsel states:

The Government argues that the Court should deny Mr. Shaw's motion requesting that the Court to determine the admissibility of co-conspirator hearsay statements before trial begins. Rather, the Government suggests that the Court "admit the statements subject to connection as well as a determination of admissibility at trial." (Document 103, at 1).

The Government concedes that it must prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statements were made in furtherance of the conspiracy before the declarant's statements could be admitted at trial pursuant to Federal Rule of Evidence 801(d)(2)(E). (Document 103, at 1-2). The Government also concedes that there must be some independent evidence that the conspiracy existed. (Document

1

103, at 2).  Defendant Shaw agrees with the government's analysis of the pre-conditions for admissibility of statements pursuant to 801(d)(2)(E).  The defendant disagrees, however, with the Government's position regarding the timing of the Court's determination.

The Government's motion seems to suggest that it is the practice in this District to admit such statements subject to connection at trial in every case.  (See Document 103, at 1).  The Government argues, for example, that the Court should deny Mr. Shaw's request for a pre-trial determination absent "any reason calling such practice into question . . ." *Id.*  While it is true that there is no <u>requirement</u> that the Court make a pre-trial determination, it is within the Court's sound discretion to choose the procedure for the determining admissibility.  In the cases cited by the Government (see Document 103 at 2), the appellate courts found that the respective trial court did not err in admitting co-conspirator statements during trial.  The cases do <u>not</u>, however, uniformly stand for the proposition that the trial court <u>should have</u> proceeded in that fashion.  In fact, the Court of Appeals for this Circuit has clearly stated that "the better practice is for the court to determine **before** the hearsay evidence is admitted that evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of hearsay declarations." *United States v. Jackson*, 201 U.S. App. D.C, 212, 232, 617 F.2d 1198, 1218 (D.C. Cir. 1980), *emphasis added.  See also United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir. 1980) ("[t]he preferred practice is for the trial court to make these determinations before the hearsay evidence is admitted.")

Further, Defendant Shaw is not requesting a "mini-trial" as the Government suggests.  (Document 103 at 3).  The defendant simply seeks a pre-trial hearing to determine the admissibility of coconspirators' statements against him. The Government states that "there will be ample evidence at trial to connect co-conspirator statements to the conspiracy with which the

2

defendants are charged." (Document 103 at 3). The Government goes on to say that it intends to introduce "substantial evidence of the conspiracy" which includes, among other things, "eyewitness testimony, audiotapes and videotapes of drug trafficking activity, telephone records, and recorded telephone conversations." (Id.) As with its response to other motions in this case, the government fails to address the evidence relating to Mr. Shaw in particular. In order for co-conspirator statements to be admissible against Mr. Shaw, the government must prove not only that there was a conspiracy in this case, but that Mr. Shaw was part of that conspiracy and that the statements were made in furtherance of the conspiracy to which he belonged.

As discussed in the Defendant Shaw's Motion for a Bill of Particulars, there is no direct reference to Mr. Shaw in any of the police reports in this case and no physical evidence against him. Thus, the government's case against Mr. Shaw will necessarily depend on declarations of the alleged coconspirators. Therefore, a preliminary determination of the admissibility of the co-conspirators' statements is appropriate in this case. In the absence of such a preliminary determination, Mr. Shaw may suffer extreme prejudice at trial that cannot be remedied by a curative instruction.

WHEREFORE, for the foregoing reasons and any other reasons that may appear to the Court, Mr. Shaw respectfully requests that this Court grant Defendant Shaw's Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on Admissibility of Co-conspirators' Statements.

                                            Respectfully Submitted

                                            /s/_____
                                            Andrea Antonelli
                                            Bar No. 450238

806 7th Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 255-3654