UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-306 (EGS) |
| JUNIOR SHAW, | ) ) ) | |
| Defendant. | ) ) | |

MOTION *IN LIMINE* TO EXCLUDE
PROPOSED TESTIMONY FROM GOVERNMENT'S DRUG EXPERT

Defendant, Junior Shaw, through counsel, respectfully moves this Honorable Court to preclude the government from introducing testimony of its proposed "drug expert" at trial in this case. The testimony is inadmissible under the rules of evidence and controlling case law because there is no reliable scientific basis for the proposed testimony. In addition, the government has failed to (1) provide sufficient specific notice as to what testimony the "expert" will provide in this case and (2) failed to provide sufficient information about the proposed "expert's" qualifications. In support of this motion, upon which a hearing is requested, counsel states:

1. Mr. Shaw is charged with two counts of a ten-count indictment filed on June 5, 2007. He is charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846. He is also charged in Count Five with Unlawful Maintenance of a Premises to manufacture, distribute, store and use a controlled Substance and Aiding and Abetting. See 18 U.S.C. §2; 21 U.S.C. § 856(a)(2).

2.     On January 3, 2008, government counsel filed "Government's Notice of Expert Testimony and Request for Discovery" (Document #116).  The notice indicates that the government intends to call a "narcotics expert" to testify at trial in this case.

3.     Trial is scheduled to begin in this case on January 22, 2008.

4.     Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires the government to provide a summary that "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."   The government's notice does not satisfy the requirements of the rule.   First, the notice fails to specify the name of the expert that will testify at trial. It states "[t]he government may call Detective Anthony O. Washington of the Metropolitan Police Department, **or some other law enforcement officer or agent with similar qualifications** . . ." (Document 116, at p.1, *emphasis added*). The notice does not provide any information about Detective Washington's qualifications.  Rather, it states that "[a] copy of [his] resume is available upon request." (Document 116, at p.2).   Defense counsel requested a copy of the resume, but has not received it as of today's date.[1]  Second, the notice lists six general subject areas that the expert might discuss, but does not refer to any specific facts in Mr. Shaw's case or indicate how the proposed testimony would be relevant to those facts.

5.     Because the government has not provided the name of the actual expert who will testify and because it has provided no information about the qualifications of any expert, defense counsel can not investigate the witness' qualifications before trial.  Without a resume or *c.v.* or list of qualifications, counsel can not properly prepare for *voir dire* or cross examination of the witness.

---

[1]  Defense counsel notes that in terms of the timeliness of the notice, counsel initially requested the government to provide notice of any expert testimony in a discovery letter sent to the first Assistant United States Attorney assigned to this case, Mr. Martin Carpenter, on October 12, 2007.

6.      Further, in order to be able to lodge an appropriate objection regarding whether the proposed expert testimony will be helpful to the jury in this case, or to challenge the expert's qualifications to offer such testimony, counsel must have notice of the proposed testimony within the context of this specific case and specific information about the expert's qualifications.

7.      The drug "expert" testimony is inadmissible under the rules of evidence and case law because there is no scientific basis for the testimony. *See Frye v. United States*, 54 App. D.C. 46, 293 F. 1013 (1923); *Dyas v. United States*, 376 A.2d 827 *cert. denied*, 434 U.S. 973 (D.C. 1977); *In re Melton* , 565 A.2d 635 (D.C. 1989), on reh'g, 597 A.2d 892 (1991) (en banc); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Fed. R. Evid*. 702,703.  In order for expert testimony to be admissible, the method must "have gained general acceptance in the particular field." *Frye, supra*.  In *Dyas*, the Court of Appeals annunciated a three part test to determine admissibility.  *Dyas, supra*.  It stated that the following factors must be considered:  (1) whether the subject matter is so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average lay person; 2) whether the witness has sufficient skill, knowledge or experience in that field as to make it appear that his opinion or inference will probably aid the trier of fact in the search for the truth; and finally, 3) expert testimony is inadmissible if the state of the pertinent art or scientific knowledge does not permit a reasonable opinion to be asserted even by an expert.  The trial court has "independent responsibilities" to decide if the basis of the expert testimony meets minimum standards of admissibility.  *Melton, supra*.

8.      There are several factors that weigh against admitting drug "expert" testimony.  First, the expert's conclusions have never been tested for validity or reliability. Unlike other expert testimony, there have been no studies or experiments done, there is no known "error rate" and as

far as defense counsel is aware, neither the Metropolitan Police Department, the Office of the United States Attorney or the individual "experts" keep any records or statistics about the subject matter of the proposed testimony. Further, there have been no written treatises or publications about this subject matter. In sum, there is no known field of science or area of study related to the drug expert's testimony. Rather, the drug expert is generally a member of the Metropolitan Police Department who has participated in drug arrests during his or her career. Because there is no "scientific community", it is impossible for the Court to find that these "experts" are "generally accepted" in that community.

9. Even if the Court were to find that the government, in general, could call the proposed witnesses as experts, the evidence would be inadmissible in this case because none of the areas of proposed testimony may be validly applied to the facts and issues involved in this case. The expert's knowledge must "fit" the facts of the particular case. *See Daubert*, 509 U.S. 579 at --, 113 S.Ct. 2796 (1993).

10. Finally, the proposed testimony must be excluded because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. There is a palpable danger when presenting the testimony of an expert witness that the jury will be overwhelmed and unable to accurately evaluate and assess the reliability of the testimony for themselves, instead taking the rectitude of the expert's opinions on faith in reliance on the expert's credentials. *See Daubert*, 509 U.S. at 595. The prejudice analysis must be particularly carefully conducted when the evidence at issue is to be presented by an expert because of the likelihood that a jury will accord extra weight to the testimony because of the expert's credentials and will possess insufficient understanding to critically evaluate the expert's conclusions. *See Daubert*, 509 U.S. at 595 (*quoting Weinstein, Rule 702 of the Federal Rules of*

*Evidence is sound; It should Not be Amended*, 138 F.R.D. 631, 632 (1991).  Even though there is no science regarding the government's proposed testimony and thus it can not be considered "generally accepted" in the scientific community, the government's "expert" is willing to describe his theory and conclusions in a court of law with conviction and an air of authority in highly prejudicial terms.

    WHEREFORE, for the foregoing reasons, and for such additional reasons as may appear to this Honorable Court, Mr. Shaw respectfully requests that the Motion be granted and that the Court preclude the government from presenting drug expert testimony at the upcoming trial.

                                    Respectfully submitted,

                                    _____/s/_____
                                  Andrea P. Antonelli
                                  Bar # 450238

                                  806 Seventh Street, NW #301
                                  Washington, DC  20001
                                  (202) 255-3654

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-306 (EGS) |
| ) | |
| JUNIOR SHAW, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter came before the Court on defendant Shaw's *Motion In Limine* To Exclude Proposed Testimony form Government's Drug Expert.  Having considered the motion, the government's opposition, and the entire record in this matter, it is hereby,

**ORDERED,** that the motion is **GRANTED** and   it is further

**ORDERED**, that the prosecution shall be precluded from called a "drug expert" at trial in this case.

**So Ordered** this _____ day of _____, 2008.

_____
The Honorable  Emmet G. Sullivan
United States District Judge

1