UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-306 (EGS) |
| JUNIOR SHAW, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM IN AID OF SENTENCING

Defendant, Junior Shaw, through counsel, respectfully submits the following information to aid this Court at the sentencing hearing scheduled for April 25, 2008:

1. <u>Case Summary</u>

The Government charged Mr. Shaw with two counts in a ten-count indictment filed on June 5, 2007. He was charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846. He was also charged in Count Five with Unlawful Maintenance of a Premises to manufacture, distribute, store and use a controlled Substance and Aiding and Abetting. See 18 U.S.C. §2; 21 U.S.C. § 856(a)(2).

On January 24, 2008, Mr. Shaw pleaded guilty to one count of Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine Base and Cocaine, a lesser included offense of Count One of the indictment, in violation of 21 U.S.C. δ 846. The parties agreed, pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that 54 months imprisonment is an appropriate sentence in this case.[1]  (*See* Plea Agreement, ECF document #135).

In addition to the written plea agreement filed with the Court, Mr. Shaw signed a Proffer of Evidence acknowledging his role in the charged conspiracy.  *(See* ECF document #136). Mr. Shaw agreed that, "[f]rom 2001 to July of 2002, in the District of Columbia and elsewhere" he assisted other co-conspirators in obtaining cocaine, cooking it into crack and distributing it to customers in the District of Columbia and its metropolitan area.  *See* Proffer, at p.1, #1.  He specifically admitted assisting co-defendant Richards by, "among other things, processing and distributing cocaine base."  (*Id.* at #3.)  Further, he specifically admitted that on November 9, 2001, he was present when co-defendant Richards sold crack to an undercover police officer. (*Id*. at p.2, #4).

2.  Background / Criminal History

Mr. Shaw was born on October 31, 1968 and reared in Montego Bay, Jamaica.  He grew up in a very poor environment without appropriate food, clothing or shelter.  He lived primarily with his mother's parents and attended school through tenth grade.  At the age of nineteen, he moved out of his grandparents' home and began living alone in a shack.  Although he did not receive any formal training, Mr. Shaw obtained work as an electrical welder.  He worked continuously as a welder from 1987 until 2001, when he left for the United States in search of better opportunities.  At the time that he left Jamaica, Mr. Shaw was working for a construction company called "Astrom." where he made the equivelant of $120.00 U.S. dollars every two weeks.

---

[1] The parties agreed, pursuant to Rule 11(c)(1)(C) on the appropriate term of imprisonment only.  The parties agreed that the statute and Sentencing Guidelines would apply to other sentencing factors, such as any fine or term of supervised release.

Mr. Shaw arrived in Miami the spring of 2001 and then moved to Hyattsville, Maryland a few months later. During that next year, Mr. Shaw was unable to obtain work because of his immigration status. It was during that time, from 2001 until July of 2002, that Mr. Shaw admits that he was involved in the drug trade.

On August 1, 2002, Mr. Shaw was arrested in Prince George's County, Maryland and charged with various drug offenses. He was incarcerated pending trial and on January 9, 2003, entered a guilty plea to three separate counts. He was sentenced to five years imprisonment, concurrent on each count. Mr. Shaw was continuously incarcerated from August 1, 2002 until he was released on parole in Maryland on December 29, 2005.

In June of 2006, Mr. Shaw was arrested for possession of marijuana. Although the government ultimately dismissed the possession case, entering a *nolle prosequi* on May 31, 2007, Mr. Shaw was held on a parole hold from the earlier case. Unfortunately, no action was ever taken on his parole matter and Mr. Shaw remained incarcerated until he was brought to the District on this case. .

The government indicted Mr. Shaw in this case in June June 5, 2007. On July 3, 2007, the government issued a Writ of Habeas Corpus ad Testificandum to Jessup Correction Institute in Jessup, Maryland. Mr. Shaw was transported to the D.C. Jail and arrived on July 11, 2007. Mr. Shaw first appeared before this Court on August 8, 2007. It was on that date that he was officially "arrested" and held in this case.

Mr. Shaw's sentence in the Maryland case expired on January 28, 2008[2], only days after he entered the plea in this case.

---

[2] Counsel obtained the information by contacting the records office at MCIJ Jessup. Counsel is waiting for copies of the official "release" paperwork.

3

3. <u>Discussion</u>

The defendant submits that the Court should accept the Rule 11(c)(1)(C) plea agreement and sentence the defendant to a period of fifty-four months incarceration. The defendant asks the Court to consider the fact that the defendant's conduct in this case occurred several years ago- between 2001 and July of 2002. Further, the defendant's role in this conspiracy was minimal, when compared to other co-conspirators. The defendant also submits that he conduct in Maryland was related to the conduct in this case. He entered a guilty plea in that case and has completely served out his sentence. Therefore, the defendant asks the Court to consider the significant time the defendant has spent in prison since his actions in 2001 and 2002.

Wherefore, for the foregoing reasons, the defendant submits that a sentence of 54 months is an appropriate sentence in this case.

Respectfully submitted,

_____/s/_____
Andrea P. Antonelli
Bar # 450238

806 Seventh Street, NW #301
Washington, DC  20001
(202) 255-3654