UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 06-306-7 (EGS) |
| v. : | |
| : | |
| JUNIOR SHAW, : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in aid of sentencing in the above-referenced case. For the reasons that follow, and any other reasons that may be cited at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant to a 54-month term of imprisonment.

### I. Background

In June of 2007, a federal grand jury returned a ten-count superseding indictment charging the defendant and six others with various narcotics offenses. The defendant was charged with two counts: conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (count one); and unlawful maintenance of a premises to manufacture, distribute, store, and use a controlled substance (count five). On January 24, 2008, the defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine (a lesser-included offense of count one of the indictment), in violation of 21 U.S.C. § 846. The defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement whereby the parties "agree[d] that a sentence of 54 months of imprisonment is an appropriate sentence for the offense to which [the defendant] is pleading guilty." Plea Agreement (Document 135) ¶ 3.[1] At the plea hearing, the

---

[1] The Rule 11(c)(1)(C) "agreement with respect to the appropriate sentence affects only the term of imprisonment; the otherwise applicable statutory and Sentencing Guidelines provisions are

defendant agreed – both in writing and orally, under oath – with the government's proffer of evidence in support of the plea. The factual proffer was as follows:

> From 2001 to July of 2002, in the District of Columbia and elsewhere, the defendant, Junior Shaw, assisted Michael Richards, Russeline Miles, Conroy Forbes, and others in obtaining cocaine, cooking the cocaine into cocaine base (also known as "crack cocaine"), and distributing the cocaine base to customers in the District of Columbia and its metropolitan area.
>
> Richards and others employed couriers who obtained cocaine in California, Florida, and Jamaica, and transported the cocaine (which was typically in kilogram or multi-kilogram amounts) into the District of Columbia. Richards, Miles, and others cooked the cocaine in, and distributed the crack cocaine from . . . residences in the District of Columbia . . . .
>
> Defendant Shaw assisted Richards by, among other things, processing and distributing cocaine base.
>
> On November 9, 2001, Richards, with defendant Shaw present, sold 11.6 grams of cocaine base to an undercover police officer in exchange for $600. This transaction occurred inside the doorway to [a residence in the District of Columbia].

Proffer of Evidence (Document 136) ¶¶ 1-4. See also Plea Agreement (Document 135) ¶ 2 (defendant agreed that he was "accountable for more than 50 grams but less than 150 grams of cocaine base, and for more than 3.5 kilograms but less than 5 kilograms of cocaine").

## II. Discussion

We submit that the Court should accept the Rule 11(c)(1)(C) plea agreement, which sets forth an agreed-to term of incarceration of 54 months. In making this recommendation, the government, like the defense, notes that the defendant's criminal conduct in the instant conspiracy was comparatively short lived and ended in July of 2002. In addition, due to state court convictions for narcotics and

---

applicable to other sentencing incidents, such as a fine and term of supervised release." Id.

weapon offenses, the defendant has been incarcerated almost continuously since August 1, 2002.[2] Also, the defendant, a foreign national, will be subject to deportation as a result of his criminal convictions. In short, when balancing the factors set forth in 18 U.S.C. § 3553(a), the government believes that the proposed term of incarceration is fair and just under the circumstances of this case.[3]

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court accept the Rule 11(c)(1)(C) plea agreement and sentence the defendant to, inter alia, 54 months of imprisonment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

Emory V. Cole
Assistant United States Attorney
PA Bar No. 49136

By: _____/s/_____
Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
555 Fourth Street, N.W., Room 4126
Washington, DC 20530
office: 353-7557; facsimile: 514-8707
gregory.marshall@usdoj.gov

---

[2] Mr. Shaw's two co-defendants in the Maryland case were not indicted as part of the Richards conspiracy.

[3] The government hereby withdraws its "Notice of Defendant Shaw's Prior Convictions," which was filed on October 17, 2007 (Document 87). See Plea Agreement (Document 135) ¶ 9.

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via the electronic case filing system, this 18th day of April, 2008.

    /s/

Gregory G. Marshall
Assistant United States Attorney